# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

3:25-mj-00153-CLB

USA,

v.

**RONNA ANNETTE KIMBALL,**

Case No: **2:24-CR-00313-DJC**

☑ FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

**NOV 20 2025**

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

## WARRANT FOR ARREST

**TO: THE UNITED STATES MARSHAL**
and any Authorized United States Officer

**YOU ARE HEREBY COMMANDED TO ARREST:** Ronna Annette Kimball

and bring him or her forthwith to the nearest United States magistrate judge to answer a(n)

**Supervised Release Violation Petition**

charging him or her with *(brief description of offense)*

**Supervised Release Violation**

in violation of Title **18** United States Code, Section(s) **3606**

| | |
|---|---|
| V. Kyono | Deputy Clerk |
| Name of Issuing Officer | Title of Issuing Officer |
| *[signature]* | 9/30/25      Sacramento, CA |
| Signature of Issuing Officer | Date and Location |
| Bail fixed at **NO BAIL** | by **District Judge Daniel J. Calabretta** |

---

### RETURN

This warrant was received and executed with the arrest of the above-named defendant _____

| Date Received | Name and Title of Arresting Officer |
|---|---|
| Date of Arrest | Signature of Arresting Officer |

# UNITED STATES DISTRICT COURT
## Eastern District of California

## Superseding Petition For Warrant or Summons For Person Under Supervision

| | | | |
|---|---|---|---|
| **Name of Person Under Supervision:** | Ronna Annette Kimball | **Docket Number:** | 0972<br>2:24CR00313-001 |

**Name of Judicial Officer:** United States District Judge Daniel J. Calabretta

**Date of Original Sentence:** 7/23/2024 (D/UT)

**Original Offense:** 18 U.S.C. § 2113(a) - Bank Robbery (CLASS C FELONY)

**Original Sentence:** Time served as of July 23, 2024; 36-month term of supervised release; mandatory drug testing; DNA collection; $100 special assessment; $70 restitution.

**Special Conditions:**

1.) Abstain from Alcohol
2.) Drug/Alcohol Testing
3.) Outpatient Drug/Alcohol Treatment
4.) Refrain from Tampering with Drug Testing
5.) No Marijuana
6.) Outpatient Mental Health Treatment

| | |
|---|---|
| **Type of Supervision:** | TSR |
| **Date Supervision Commenced:** | 07/23/2024 |
| **Date Supervision Re-Commenced:** | 08/28/2025 |

**Other Court Actions:**

11/13/2024   Notice of noncompliance sent to the District of Utah report on Person Under Supervision submitted to the Court citing unlawful use of a controlled substance, specifically, methamphetamine and amphetamines.

| | |
|---|---|
| RE: Ronna Annette Kimball | Docket Number: 0972 2:24CR00313-001 |

| | |
|---|---|
| 11/26/2024: | Jurisdiction transferred from the District of Utah to Eastern District of California. |
| 01/21/2025: | Prob 12A – Petition was submitted to the Court citing unlawful use of a controlled substance, specifically, methamphetamines and amphetamines. The Court took judicial notice with no changes to her supervision. |
| 04/16/2025: | Prob 12C – Petition for Warrant filed alleging Charges 1) Unauthorized Travel, 2) Failure to Participate in Mental Health Treatment, 3) Failure to Participate in Drug Testing. Warrant issued. |
| 05/08/2025 | Prob 12C - Superseding Petition for Warrant filed with the Court to add Charge 4) Unlawful Use of a Controlled Substance, and Charge 5) Failure to Notify of Change in Residence. |
| 07/31/2025 | Admit/Deny hearing held on this date. Ms. Kimball admitted to charges 1-4 of the amended petition. |
| 08/28/2025: | <u>Revocation Sentence</u>: Time Served; 33 months Supervised Release; Mandatory Drug Testing; DNA Collection; $100 Special Assessment; $70 Restitution; Special Conditions: Search (Advanced); Drug/Alcohol Testing; Abstain from Alcohol; No Controlled Substances; Outpatient Mental Health Treatment; Inpatient Mental Health Treatment; Take all Medications; Residential Reentry Center; Inpatient Substance Abuse Treatment; Co-payment Plan. |

## PETITIONING THE COURT

☒ **OTHER: This violation petition seeks to supersede the afterhours violation petition/warrant signed by United States Magistrate Judge Chi Soo Kim, on September 26, 2025.**

The probation officer alleges the Person Under Supervision has violated the following condition(s) of supervision:

**<u>Charge Number</u>**   **<u>Nature of Violation</u>**

**<u>Charge 1:</u>**   **<u>FAILURE TO PARTICIPATE IN AN INPATIENT TREATMENT</u>**

On August 28, 2025, Ms. Kimball entered an inpatient residential treatment program for substance abuse. On September 26, 2025, the treatment program notified me Ms. Kimball had left the facility,

| RE: Ronna Annette Kimball | Docket Number: 0972 2:24CR00313-001 |
|---|---|

and they were unable to locate her and that her whereabouts were unknown. This is in violation of Special Condition 9 which states in part, *"You must participate in an inpatient substance abuse/alcohol abuse treatment program and follow the rules and regulations of that program, for a period of up to 90 days."*

**Justification:** On August 28, 2025, Ms. Kimball was released from custody and transported to WestCare Residential Treatment and Rehabilitation in Fresno to participate in their inpatient treatment program for a period of 90 days.

On September 26, 2025, I was contacted by a staff member at WestCare Residential Treatment and Rehabilitation who notified me that Ms. Kimball had left the facility without permission. Staff searched the facility, and she still could not be located. Ms. Kimball has been diagnosed with severe mental health issues including bipolar disorder and paranoid schizophrenia. Ms. Kimball has not contacted probation and here current whereabouts remain unknown.

**Detention:** Ms. Kimball's unauthorized leave from the inpatient treatment facility and her criminal history along with her ongoing mental health conditions make her a danger to the community and a flight risk. As such, it is respectfully recommended that Ms. Kimball be detained throughout all court proceedings.

**I declare under penalty of perjury that the following is true and correct.**

**EXECUTED ON:**   September 29, 2025
Redding, California

Respectfully submitted,

Kevin Gommeringer
Sr. United States Probation Officer
Telephone: (530) 768-3408

**DATED:**   9/29/2025

Reviewed by,

Lisa Hage
Supervising United States Probation Officer

| | |
|---|---|
| RE: Ronna Annette Kimball | Docket Number: 0972 2:24CR00313-001 |

## THE COURT FINDS PROBABLE CAUSE AND ORDERS:

☒ The issuance of a no bail warrant. This Petition is sealed until further order of the court.

☐ The issuance of a summons.

☐ Other:

## FURTHER PROCEEDINGS REGARDING CUSTODY:

☐ Defendant is ordered detained, to be brought before District Judge forthwith.

☒ Initial appearance and detention hearing before Magistrate Judge.

DATED: September 29, 2025        /s/ Daniel J. Calabretta
**THE HONORABLE DANIEL J. CALABRETTA**
**UNITED STATES DISTRICT JUDGE**

CC:
United States Probation
Assistant United States Attorney: Adrian Kinsella
United States Marshal Service

RE: **Ronna Annette Kimball**           Docket Number: 0972 2:24CR00313-001

# STATEMENT OF EVIDENCE OF ALLEGED SUPERVISED RELEASE VIOLATIONS

Honorable Daniel J. Calabretta  
United States District Judge  
Sacramento, California

                       RE:    Kimball, Ronna Annette  
                               Docket Number: 0972 2:24CR00313-01

Your Honor:

In addition to a copy of the **Acknowledgment of Conditions of Probation or Supervised Release and Receipt of Criminal Judgment and Judgment and Commitment Order,** the following evidence and/or testimony will be offered to support the probation officer's allegation that the above-named releasee is in violation of the conditions of supervision as stated on the attached Probation Form 12C - Petition for Warrant or Summons for Person Under Supervision.

**Charge 1:**     **FAILURE TO PARTICIPATE IN AN INPATIENT TREATMENT**

     a. **Evidence:**

         i. None

     b. **Witnesses:**

         i. Sr. United States Probation Officer Kevin Gommeringer can testify to the information provided by Timothy Maldonado a staff member at WestCare Treatment and Rehabilitation

RE: Ronna Annette Kimball

Docket Number: 0972 2:24CR00313-001

Respectfully submitted,

*[signature]*

**Kevin Gommeringer**
**Sr. United States Probation Officer**
Telephone: (530) 768-3408

**DATED:** 9/29/2025
Redding, California

Reviewed by,

*[signature]*

**Lisa Hage**
**Supervising United States Probation Officer**

RE: Ronna Annette Kimball                    Docket Number: 0972 2:24CR00313-001

# REVOCATION GUIDE – SUPERVISED RELEASE

**Name of Person Under Supervision:** Ronna Annette Kimball

**Docket Number:** 0972 2:24CR00313-01

**Date of Original Offense:** 11/18/2022

**Original term of supervised release imposed:** 3 years

**Highest grade of violation alleged:** C

**Criminal History Category of person under supervision:** IV

**Original guideline range:** 63 to 78 months

**Chapter 7 range of imprisonment:** 6 to 12 months

**Maximum term on revocation - 18 USC 3583(e)(3):**

☒    **Class C and/or D felony - 2 years**

**Violation requires mandatory revocation: YES:** ☐ **NO:** ☒

**Original offense committed on or after 04/30/2003:** Court may sentence up to the statutory maximum term of supervised release applicable to the original offense of conviction but not exceed the maximum for the classes of offenses noted above. There is no adjustment for prison time imposed for any previous revocation of the term of supervised release. The Court must consider but is not bound by Chapter 7 ranges. Upon revocation, the Court may re-impose supervised release; however, the term is limited to the statutory maximum authorized under Title 18 USC 3583(e)(3) for the original offense of conviction, less the current term of imprisonment imposed upon revocation, and all prior terms of imprisonment imposed upon previous revocations.

## MANDATORY REVOCATION ISSUES

**Original offense committed after 09/13/94:** Title 18 USC 3583 instructs that supervision shall be revoked upon a finding of: 1) Possession of a controlled substance; 2) Possession of a firearm; or, 3) Refusal to comply with mandatory drug testing. If the violation involves the use of a controlled substance, the Court has the discretion to find that "use" constitutes "possession."